IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DELBERT BALDWIN,<br>    Petitioner,<br><br>    v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br>    Respondents. | C.A. No. 09-74 Erie<br><br><br><br>Magistrate Judge Baxter |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.   INTRODUCTION

Petitioner William Delbert Baldwin is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254.[2] [Document # 5].

### A.   Relevant Factual and Procedural Background

On November 28, 1995, Petitioner pleaded guilty to three counts each of Rape and Statutory Rape, four counts of Indecent Assault, and one count each of Involuntary Deviate Sexual Intercourse and Corruption of Minors, at Erie County docket nos. 2396 and 2397 of 1995. (SCR No. 84). Petitioner's original sentence was imposed on January 3, 1996, but after

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (Document Nos. 3 & 13). Mary Friedline, Esq., who entered her appearance on behalf of the Commonwealth of Pennsylvania and the Attorney General's Office, notified the Court that the District Attorney of Erie County would submit the Answer on behalf of the Respondents. (Document No. 9).

[2] Respondents have filed with their Response [Document # 15] the original state court records in hard-copy format. The documents contained therein are indexed and numbered and will be cited as "SCR No. __." Respondents have also submitted the relevant transcripts in hard-copy format.

1

reconsideration, a modified aggregate sentence of 45½ to 95 years of imprisonment was imposed on February 8, 1996. (SCR Nos. 85, 89). On appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on November 20, 1996. (SCR No. 16). Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On July 15, 1997, Petitioner filed his first petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA petition"). This petition was dismissed by the state court on September 1, 1997, because he failed to set forth sufficient grounds for relief. (SCR No. 20). Petitioner did not appeal the dismissal. Petitioner subsequently filed eight additional PCRA petitions, all of which were dismissed as untimely. (SCR No. 23, 25).

Petitioner filed the instant habeas corpus petition on April 6, 2009, claiming that he is serving an unlawful sentence in violation of his due process rights because his plea agreement was not honored when he was sentenced. On June 22, 2009, Respondents filed a response to Petitioner's habeas corpus petition, arguing, *inter alia*, that the petition should be dismissed as untimely. Petitioner subsequently filed a document that has been docketed as a motion for summary judgment, claiming that he is entitled to his unconditional release because "there is no jurisdiction to detain the Petitioner...." [Document # 17]. Respondents have filed a response to this "motion," reasserting their argument that the petition is untimely and should be dismissed. [Document # 18]. This matter is now ripe for consideration.

### B. Statute of Limitations.

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2255(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2255(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2255(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2255(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on December 20, 1996, the latest date on which the thirty day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. Pa.R.A.P. 1113(a); see Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review). Petitioner subsequently filed a PCRA petition on July 15, 1997, which tolled the statute of limitations after 207 days had expired following the direct review period. The PCRA petition was denied on September 1, 1997, and

no other timely PCRA petitions were filed that would have tolled the limitations period.

After the denial of his first PCRA petition, Petitioner had 158 days, or until February 6, 1998, to file a timely habeas corpus petition; however, Petitioner did not file his federal habeas petition with this Court until April 6, 2009, more than 11 years after the limitations period had expired. Thus, the petition is time-barred under 28 U.S.C. § 2255(d)(1)(A), unless Petitioner is able to take advantage of any of the exceptions set forth in 28 U.S.C. § 2255(d)(1)(B-D).

In this regard, Petitioner does not claim that there was any State-created impediment to filing a timely habeas petition, or that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(d)(1)(B-C). He also cannot show that the factual predicate of his claim could only be discovered through the exercise of due diligence within the past year. 28 U.S.C. § 2255(d)(1)(D). Moreover, there is no indication that the doctrine of equitable tolling should be applied here.[3] Thus, the instant habeas corpus petition must be dismissed as untimely.

An appropriate Order follows.

---

[2] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM DELBERT BALDWIN,** | ) | |
| Petitioner, | ) | C.A. No. 09-74 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **COMMONWEALTH OF** | ) | Magistrate Judge Baxter |
| **PENNSYLVANIA, et al.,** | ) | |
| Respondents. | ) | |

**ORDER**

AND NOW, this 30th day of July, 2010;

IT IS HEREBY ORDERED that the instant petition for writ of *habeas corpus* [Document # 5] is dismissed as untimely, a certificate of appealability is denied, and Petitioner's "motion for summary judgment" [Document # 17] is denied.

The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge